```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| JEREMY FULTON,<br><br>       Petitioner,<br><br>   -against-<br><br>SUPERINTENDENT,<br><br>       Respondent. | 20-CV-0021 (CM)<br><br>ORDER |

COLLEEN McMAHON, Chief United States District Judge:

  Petitioner, currently incarcerated at Clinton Correctional Facility, brings this *pro se* petition challenging his 2011 conviction in the New York Supreme Court, New York County. By order dated January 13, 2020, the Court granted Petitioner's request to proceed *in forma pauperis*. The Court directs Petitioner to file a declaration within thirty days of the date of this order showing cause why this application should not be denied as time-barred.

## DISCUSSION

### A. Applicable Statute of Limitations

  Petitioner's application may be time-barred. A petitioner seeking *habeas* relief under 28 U.S.C. § 2254 must generally file a petition within one year from the latest of four benchmark dates, that is, the date when: (1) the judgment of conviction becomes final; (2) a government-created impediment to making such a motion is removed; (3) the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)-(2).

  Petitioner alleges that on December 20, 2011, he was convicted, pursuant to his guilty plea in the New York Supreme Court, New York County. Court records indicate that on February 19, 2015, the New York Supreme Court Appellate Division, First Department, affirmed the

conviction, *People v. Fulton*, 125 A.D.3d 511 (App. Div. Feb. 19, 2015), and the New York Court of Appeals denied leave to appeal on May 12, 2015, *People v. Fulton*, 25 N.Y.3d 1072 (May 12, 2015), and denied reconsideration on June 24, 2015, *People v. Fulton*, 25 N.Y.3d 1163 (June 24, 2015). Petitioner's conviction consequently became final on September 23, 2015, following "the expiration of [the] 90-day period of time to petition for *certiorari* in the Supreme Court of the United States." *Warren v. Garvin*, 219 F.3d 111, 112 (2d Cir. 2000).

The one-year limitations period in § 2244(d)(1)(a) for filing a federal *habeas* petition therefore expired on or about September 23, 2016. Petitioner placed this petition in the prison mail collection box on or about December 24, 2019, more than three years after the judgment of conviction became final.

When postconviction motions are filed *before* the expiration of the statute of limitations, however, those motions and related state-court proceedings may toll the statute of limitations. *See* 28 U.S.C. § 2244(d)(2). "[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000); *Felder v. Goord*, 564 F. Supp. 2d 201, 212 n.4 (S.D.N.Y. 2008) (time is tolled during properly filed reconsideration motion). Thus, postconviction motions challenging this judgment that Petitioner properly filed before the one-year limitations period in § 2244(d)(1)(a) expired could toll the limitations period while such motions were pending.

Here, Petitioner alleges that he filed several postconviction motions in the New York state courts and that he received decisions on his motions in 2017 and October 2019.[1] Because

---

[1] *See People v. Fulton*, 31 N.Y.3d 1081 (denying leave to appeal from Appellate Division, First Department's August 1, 2017 decision), *recon. denied*, 32 N.Y.3d 937 (May 2, 2018).

Petitioner does not plead any facts about when he filed such motions, the Court cannot determine whether Petitioner's postconviction motions in the New York state courts were filed before the one-year limitations period expired on or about September 23, 2016, or how long tolling continued. *See* 28 U.S.C. § 2244(d)(2).

**B.     Leave to File Declaration**

In addition to statutory tolling under 28 U.S.C. § 2244(d)(2), the one-year limitations period in § 2244(d)(1) for *habeas corpus* petitions is subject to equitable tolling in appropriate cases. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (petitioner who shows that he pursued his rights diligently and that some extraordinary circumstance prevented him from timely submitting his petition may be entitled to equitable tolling).

The Court therefore directs Petitioner to file a declaration within sixty days of the date of this order stating why this application should not be dismissed as time-barred. Petitioner should include in the declaration a listing of the dates that (1) he filed all postconviction applications in state court challenging this conviction, including any petition for a writ of error *coram nobis*, motions under N.Y. Crim. P. L. § 440, and any other postconviction applications, (2) any postconviction applications were decided, (3) he filed any appeals or applications for leave to appeal from those decisions, (4) those appeals or applications were decided, and (5) Petitioner received notice of any state court decisions on those applications and appeals. *See* 28 U.S.C. § 2244(d)(2). Petitioner should allege any facts showing that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting this petition.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. Petitioner is directed to file a declaration within thirty days of the date of this

order showing why the petition should not be dismissed as time-barred. A declaration form is attached to this order. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the petition will be denied as time-barred. No answer shall be required at this time.

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: February 3, 2020
New York, New York

COLLEEN McMAHON
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the first and last name of each plaintiff or petitioner.

-against-

Case No. _____ CV _____

_____

_____

_____

_____
Write the first and last name of each defendant or respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| Executed on (date) | Signature |
|---|---|

| Name | Prison Identification # (if incarcerated) |
|---|---|

| Address | City | State | Zip Code |
|---|---|---|---|

| Telephone Number (if available) | E-mail Address (if available) |
|---|---|