UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMY FULTON,

                        Petitioner,

     against

SUPERINTENDENT,                                    CIVIL ACTION NO.: 20 Civ. 00021 (GBD) (SLC)

                        Respondent.                **OPINION & ORDER**

**SARAH L. CAVE,** United States Magistrate Judge:

## I.  INTRODUCTION

By motion dated January 6, 2020, Petitioner Jeremy Fulton submitted an application for

pro bono counsel.  (ECF No. 4).  For the reasons stated below, Fulton's application for pro bono

counsel is DENIED without prejudice.

## II.  BACKGROUND

### A.  Factual Background

Fulton is a prisoner at Clinton Correctional Facility.  (ECF No. 1 at 1).  He challenges his

2011 conviction in the New York Supreme Court, New York County, after he pleaded guilty to

rape in the first degree and was sentenced to 22 years imprisonment.  (Id.)  Fulton argues that:

(1) his plea was coerced, not made knowingly, voluntarily, and intelligently; (2) his counsel was

ineffective; (3) the prosecution violated his constitutional rights; (4) the trial court abused its

discretion; (5) his plea and waiver of appeal were contracts that have been breached; and (6) he

was unable to perfect his appeal because the state court "lost his motion to remove counsel."

(Id. at 4–5; ECF No. 14 1–21).

In Fulton's application for pro bono counsel, he alleges under penalty of perjury that he needs pro bono counsel because there are "several problems" with his case, "especially a lost motion," that need professional attention.  (ECF No. 4 at 1).  Fulton states that his family has contacted Reverend Alfred Charles Sharpton, Jr.'s "National Action Inc.," for assistance and although interested in his case, the organization is "busy right now."  (Id.)

B. **Procedural Background**

On January 3, 2020, Fulton commenced this action under 28 U.S.C. § 2254 by filing his Petition for Writ of Habeas Corpus (the "Petition").  (ECF No. 1).  On January 13, 2020, he requested permission to proceed in forma pauperis, which the Honorable Colleen McMahon, Chief Judge, granted.  (ECF Nos. 3, 5).  On the same day, Fulton filed the present application for appointment of pro bono counsel.  (ECF No. 4).  On February 3, 2020, Chief Judge McMahon ordered Fulton to file a declaration showing why the Petition should not be dismissed as time-barred.  (ECF No. 7).  On February 24, 2020, Fulton filed a declaration explaining the timing of his filings (the "Declaration").  (ECF No. 8).  On March 2, 2020, this case was referred to the undersigned to supervise pretrial matters.  (ECF No. 10).  On March 3, 2020, the Honorable George B. Daniels ordered Respondent to answer the Petition.  (ECF No. 12).  On March 12, 2020, Fulton filed a Memorandum of Law in Support of the Petition (the "Fulton Memorandum").  (ECF No. 14).  After the Court granted several requests for extensions of time to answer the Petition, Respondent's answer is now due on August 21, 2020.  (See ECF Nos. 16–19).

### III.   LEGAL STANDARDS

Pursuant to Supreme Court and Second Circuit precedent, the Court must liberally construe pro se pleadings.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009); Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474–75 (2d Cir. 2006).

Rule 8(c) of the Rules Governing § 2254 Cases in the United States District Courts requires "the appointment of counsel only when an evidentiary hearing is needed.  Martinson v. U.S. Parole Com'n., No. 02 Civ. 4913 (DLC) (DF), 2004 WL 203005, at *2 (S.D.N.Y. Feb. 2, 2004). Otherwise, unlike in criminal cases, civil litigants unable to pay for counsel do not have a constitutional right to counsel.  Davila v. Doar, No. 07 Civ. 5767 (SHS) (DF), 2008 WL 4695004, at *2 (S.D.N.Y. Oct. 22, 2008); Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986).  The Court may grant pro bono counsel to a person who cannot afford one if his "'position seems likely to be one of substance.'"  Davila, 2008 WL 4695004, at *2 (quoting Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997)).  Even if a court does believe that a litigant should have free counsel, under the in forma pauperis statute, a court has no authority to "appoint" counsel, but instead may only "request" that an attorney volunteer to represent a litigant.  Mallard v. U.S.Dist. Ct. for the S. Dist. of Iowa, 490 U.S. 296, 301–310 (1989); 28 U.S.C. § 1915(e)(1).  Moreover, for the good of the public and because courts do not have funds to pay counsel in civil matters, courts must request the services of pro bono counsel sparingly and preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving.  Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172–73 (2d Cir. 1989).  As the Second Circuit has explained:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention.  Nor do courts perform a socially justified function when they request the services

3

of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not [unable to pay].

Id. at 174.

Each application for pro bono counsel must be decided on its own facts.  See Hodge, 802 F.2d at 61.  The court must consider "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [the plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel."  Cooper, 877 F.2d at 172; Hodge, 802 F.2d at 60–62 (the Court should consider the litigant's ability to investigate the facts, need for cross-examination, complexity of the issues, and any special reason why pro bono counsel would more likely lead to a just determination).  Of these, "[t]he factor which command[s] the most attention [is] . . . the merits."  Cooper, 877 F.2d at 172.

The Second Circuit has stated that pro bono "counsel is often unwarranted where the [pro se litigant's] chances of success are extremely slim, and advised that a district judge should determine whether the pro se litigant's position seems likely to be of substance, or showed some chance of success."  Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 204 (2d Cir. 2003) (internal citation omitted).  It is important that "[pro se] litigants seeking [pro bono] counsel [] first pass the test of likely merit."  (Id.) (internal citation omitted).

Although the Court should not grant an application for pro bono counsel "indiscriminately," a plaintiff need not demonstrate that his claims would survive a motion to dismiss or for summary judgment, but need only satisfy a "threshold showing of merit." Hendricks, 114 F.3d at 393–94.

### IV.   DISCUSSION

4

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may not consider a petition for a writ of habeas corpus by a prisoner in state custody unless the petitioner has exhausted all state judicial remedies.  28 U.S.C. § 2254(b)(1)(A); see Jackson v. Conway, 763 F.3d 115, 133 (2d Cir. 2014).  To satisfy the exhaustion requirement, the petitioner must have "fairly presented" his claims to the state courts, thereby affording those courts the opportunity to correct the alleged violations of federal rights.  Picard v. Connor, 404 U.S. 270, 275 (1971).  The exhaustion requirement is fulfilled once the federal claims have been presented to "the highest court of the state."  Galdamez v. Keane, 394 F.3d 68, 73 (2d Cir. 2005) (internal citation omitted).

In the Fulton Memorandum, Fulton alleges that before filing the Petition, the "Appellate Division First Department" affirmed his conviction and the "Court of Appeals denied leave to appeal."  (ECF No. 14 at 3); see People v. Fulton, 125 A.D.3d 511 (1st Dep't Feb. 19, 2015), lv. denied, People v. Fulton, 25 N.Y.3d 1072 (2015), recon. denied, People v. Fulton, 25 N.Y.3d 1163 (2015).  Fulton therefore appears to have exhausted his claims for purposes of federal court review.  See Galdamez, 394 F.3d at 74 (explaining that "one complete round" of New York's appellate review process involves appeal to Appellate Division and then application to Court of Appeals for certificate granting leave to appeal).

For purposes of 28 U.S.C. § 2244(d)(1)(A), Fulton's conviction became final on September 23, 2015, 90 days after he could petition for certiorari with the Supreme Court.  See Warren v. Garvin, 219 F.3d 111, 112 (2d Cir. 2000).  Fulton then had one year, until September 23, 2016, to file a § 2254 petition, unless state post-conviction motions tolled the limitations period.  See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000).  Although Fulton filed the Petition over three

years after expiration of the § 2244(d)(1)(A) deadline, his Declaration shows that before expiration of the one-year deadline by when he had to file a § 2254 petition, he filed numerous post-conviction motions. (ECF No. 8). Although Fulton does not provide all the dates on which his applications were filed in state court, tolling under 28 U.S.C. § 2244(d)(2) may make the petition timely because he had state petitions pending from 2015 through 2019.

The Court must apply a "highly deferential" standard in reviewing Fulton's claims and arguments in this habeas corpus proceeding. 28 U.S.C. § 2254(d); Renico v. Lett, 559 U.S. 766, 773 (2010); Williams v. Taylor, 529 U.S. 362, 413 (2000). Fulton's claim was "adjudicated on the merits" when the First Department ruled on the substance of the claim itself, rather than on a procedural or other ground. See Bell v. Miller, 500 F.3d 149, 154–55 (2d Cir. 2007); Sellan v. Kuhlman, 261 F.3d 303, 311 (2d Cir. 2001) (noting that "adjudicated on the merits" means "a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced").

The standard of review set forth in § 2254(d) provides, in relevant part, that a court may grant a writ of habeas corpus on a claim that has been previously adjudicated on the merits by a state court only if the state adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2).

Even if the standard under Section 2254(d)(2) is met, the petitioner "still bears the ultimate burden of proving by a preponderance of the evidence that his constitutional rights have been violated." Cardoza v. Rock, 731 F.3d 169, 182 (2d Cir. 2013) (internal quotation and citation omitted).  The question under the AEDPA "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable, which is a substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 473 (2007).

Due process dictates that a guilty plea must be voluntary, knowing, and intelligent.  See, e.g., Bousley v. United States, 523 U.S. 614, 618 (1998); Mabry v. Johnson, 467 U.S. 504, 508 (1984); Brady v. United States, 397 U.S. 742, 748 (1970).  Absent clear and convincing evidence, "[a] state court's determination of the voluntariness of a defendant's guilty plea is a factual issue that is entitled to a presumption of correctness on habeas review." Murray v. McGinnis, No. 00 Civ. 3510 (RWS), 2001 WL 26213, at *4 (S.D.N.Y. Jan. 10, 2001); see Rodriguez v. Bradt, No. 09 Civ. 10285 (LTS) (DF), 2011 WL 6747470, at *7 (S.D.N.Y. Sept. 14, 2011) ("a state court's determination of a factual issue is presumed to be correct, and may only be rebutted by clear and convincing evidence") (internal citations omitted); 28 U.S.C. § 2254(e)(1) (petitioner has burden of "rebutting the presumption of correctness by clear and convincing evidence").  If there is a factual basis in the record on which the court can conclude that the petitioner, advised by counsel, understood the consequences of his plea at the time it was entered, the plea will not be overturned on constitutional grounds.  Brady, 397 U.S. at 756; see Boykin v. Alabama, 395 U.S. 238, 243–44 (1969).

"In order to prove ineffective assistance, [a petitioner] must show (1) 'that counsel's representation fell below an objective standard of reasonableness'; and (2) 'that there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  Pham v. United States, 317 F.3d 178, 182 (2d Cir. 2008) (quoting Strickland v. Washington, 466 U.S. 668, 694 (1984)); see Massaro v. United States, 538 U.S. 500, 505 (2003) ("[A] defendant claiming ineffective counsel must show that counsel's actions were not supported by a reasonable strategy and that the error was prejudicial."); see also United States v. Brown, 623 F.3d 104, 112 (2d Cir. 2010) (same).

With examples and specificity, Fulton:  (1) claims his guilty plea was not knowing, voluntary, or intelligent (ECF No. 1 at 4–5); (2) his counsel was ineffective and his criminal case would have been different but for the ineffectiveness—he would not have pleaded guilty; and (3) his constitutional rights were violated by the prosecution's misconduct, the state court's abuse of discretion, and the disappearance of the motion to remove his counsel.  (ECF No. 14 at 1–21).  Although the standard of review under § 2254 is high, at this juncture, Fulton need not demonstrate that his claims would survive a motion to dismiss or summary judgment, so his pleadings have satisfied the threshold showing of merit, showing some chance of success. Hendricks, 114 F.3d at 393–94.

Based on Chief Judge McMahon's grant of Fulton's in forma pauperis motion, the Court concludes that Fulton is unable to pay for private counsel.  However, Fulton's sole attempt to attain counsel has been his family's lone contact with Reverend Sharpton's organization.  (ECF No. 4).  The Court is not convinced that Fulton's single attempt at gaining counsel demonstrates a sufficient effort that would justify the Court seeking out a volunteer attorney on Fulton's behalf. Although Fulton argues that his case has several complex problems needing professional attention, he has already (1) successfully submitted his Declaration in response to Chief Judge

McMahon's order, and (2) shown in the Fulton Memorandum his competence to manage his case and make his arguments.  (See ECF Nos 7–8, 14).

Given the current COVID-19 pandemic, which is constraining the already limited availability of pro bono counsel, Fulton's single attempt to attain counsel on his own, and his proven ability to manage his case thus far, the Court finds that the interests of justice do not necessitate an effort by the Court to seek pro bono counsel for Fulton.  Accordingly, Fulton's application for pro bono counsel is denied, without prejudice to renewal.

Fulton is reminded that he may seek assistance from the New York Legal Assistance Group.  Additional information can be found online at nylag.org; by calling 212-613-5000; or by emailing info@nylag.org.  In addition, the United States District Court for the Southern District of New York has a Pro Se Intake Unit with information to assist individuals who are representing themselves in the Southern District without the assistance of an attorney.  Additional information can be found online at nysd.uscourts.gov/prose; by calling at 212-805-0175; or emailing Temporary_Pro_Se_Filing@nysd.uscourts.gov.  Fulton is notified that the SDNY Pro Se Intake Unit will only temporarily accept emails as a response to the COVID-19 pandemic and will cease accepting emails once the pandemic subsides.

In addition, Fulton is strongly encouraged to consent to receiving electronic service of case activity through notifications sent by email from the Court's Electronic Case Filing system by submitting the Consent to Electronic Service form found online at https://nysd.uscourts.gov/forms/consent-electronic-service-pro-se-cases.

**V.   CONCLUSION**

For the reasons stated above, Fulton's application for <u>pro bono</u> counsel (ECF No. 4) is

DENIED without prejudice to renewal.  The Clerk of Court is respectfully directed to close ECF No.

4.  Chambers has mailed a copy of this Order to Fulton at the address below.


Dated:        New York, New York
              June 16, 2020

                                    SO ORDERED


                                    _____
                                    SARAH L. CAVE
                                    **United States Magistrate Judge**


Copy Mailed By Chambers To:        Jeremy Fulton
                                   DIN No. 12-A-0053
                                   P.O. Box. 2001
                                   Dannemora, NY 12929