IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------X

JEREMY FULTON,                               NO.: 20-CV-0021 (GBD) (SLC)

    PETITIONER,                              NOTICE OF MOTION

VS.

SUPERINTENDENT,

    RESPONDENT,
-------------------------------------------X

To: Honorable Sarah L. Cave, United States Magistrate Judge

Jeremy Fulton, Petitioner pro-se

    Notice is hereby given that Jeremy Fulton, Petitioner in the above named case, hereby request the Court to change the standard of review the Court is seeking to decide on petitioner's *writ of Habeas Corpus*, as soon as the Court sees fit to hear the stated arguments of this motion.

---

The Court acknowledges receipt of Petitioner Jeremy Fulton's motion to change the standard of review used to decide his Petition for Writ of Habeas Corpus (the "Motion"). (ECF No. 30). The Court terminates the motion and holds it in abeyance pending receipt of Respondent's answer to the Petition, due October 20, 2020, and Petitioner's reply, due November 10, 2020. (See ECF No. 29). Respondent's answer should respond to the Petition and Motion. The Court will address the Motion as part of its Report and Recommendation as referred by the Honorable George B. Daniels. (See ECF No. 10).

The Clerk of Court is respectfully directed to close ECF No. 30 and mail a copy of this order to Mr. Fulton at the address below.

Jeremy Fulton
DIN No. 12-A-0053
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

SO-ORDERED 8/19/2020

_____
SARAH L. CAVE
United States Magistrate Judge

_____
Jeremy Fulton, pro-se
8/7/20

Jeremy Fulton 12A0053
Clinton C.F.
P.O. Box 2001
Dannemora, N.Y. 12929

August 7, 2020
Honorable Sarah L Cave
United States District Court
U.S. Courthouse – 500 Pearl Street
New York, New York 10007

RE: Copy of E-mailed Motion Index #20-CV-0021(GBD)(SLC)

In *Fulton v. Superintendent*, 2020 WL3250594, the court's decision stated that Fulton's claim was adjudicated on the merit while the First Department ruled on the substance labeling the Court's standard for review to be under section 2254(d). The petitioner is now requesting that the Court change its review of the case to *de novo* due to the reasons stated below:

Although, adjudication was on the merit on appeal in all post appellate motions the *pro-se* petitioner adjudicated based on the courts appellate decision in *People v. Fulton*, 125 A.D.3d 511, where they labeled the substance of the evidence "unreliable" and "dubious". For example, in the petitioner's initial motion to vacate shown in the appendix pgs. 66-192, the evidence presented illuminated the previously submitted evidence on the appeal. Further proving the reliability and trustworthiness of all the evidence submitted writ *de novo*. (Note: All post appeal motion were submitted to continue to illuminate the substance of the exculpatory evidence with the appeal, see Appendix).

Chief Justice John Roberts in *Lee v. U.S.*, 137 S.Ct. 1958 stated, "when a defendant alleges his counsel's deficient performance led him to accept a guilty plea rather than go to trial, we do not ask whether had he gone to trial, the result of that trial would be different from the plea bargain." "Instead consider whether the defendant was prejudiced by the denial of the

entire proceeding to which he had a right". Such a mark can be missed under section 2254(d) as seen in *Sellan v. Kuhlman*, 261 F.3d. 303, where the Court wrote how they might have granted the *writ* if it was reviewed *de novo*. Justice Robert's explains the importance of review being focused on the consideration of whether prejudice and denial of rights surrounding cases ending with a plea entered a case. In the case, the court is placing a limited review process over the case with a plea component that can overlook prejudice being shown to the Court by a *pro-se* litigant.

A review *de novo* would allow the court to review the *writ* and the case without the blinders under the deferential standards being that both merit and the substance of the evidence was adjudicated throughout the entire case. Therefore, it is for these reasons that petitioner prays that this court changes its standard of review of the *writ of Habeas Corpus* to *de novo*.

Jeremy Fulton, *pro-se*
8/7/20

*This motion was originally e-mailed to the pro-se intake unit. If the unit has not received this motion prior to this submission the petitioner ask that the motion be received now.

DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
**CLINTON CORRECTIONAL FACILITY**
P.O. BOX 2001
DANNEMORA, NEW YORK 12929

NAME: Jeremy Fulton    DIN: 1AA0053

US POSTAGE $000.50
08/10/2020
ZIP 12929
041M11272305

USMS
SDNY

Legal mail

Hon. Sarah L. Cave
Pro-se Intake Unit
500 Pearl Street Room 200
New York, NY. 10007

RECEIVED
SDNY PRO SE OFFICE
2020 AUG 18  AM 10: 42