UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMY FULTON,

                Petitioner,

-v-

SUPERINTENDENT,

                Respondent.

CIVIL ACTION NO.: 20 Civ. 21 (GBD) (SLC)

**OPINION & ORDER**

**SARAH L. CAVE,** United States Magistrate Judge:

## I. INTRODUCTION

By motion dated January 6, 2020, Petitioner Jeremy Fulton requested that the Court appoint pro bono counsel pursuant to 18 U.S.C. § 3006A (the "Original Application"). (ECF No. 4). The Court denied the Original Application without prejudice in an Opinion & Order dated June 16, 2020 (the "6/16/20 Order"). (ECF No. 22). On October 16, 2020, Fulton filed a renewed application for pro bono counsel pursuant to 18 U.S.C. § 3006A (the "Renewed Application"). (ECF No. 34).

For the reasons stated below, Fulton's Renewed Application is DENIED without prejudice.

## II. BACKGROUND

### A. Factual Background

The factual background of this case is set forth in detail in the Court's 6/16/20 Order. (ECF No. 22). This factual background is incorporated by reference, and only those details relevant to the Renewed Application are set forth below.

In Fulton's Original Application, he alleged under penalty of perjury that he needed pro bono counsel because there are "several problems" with his case, "especially a lost motion," that

required professional attention. (ECF No. 4 at 1). Fulton stated that his family contacted Reverend Alfred Charles Sharpton, Jr.'s "National Action Inc.," for assistance and although interested in his case, the organization was "busy right now." (Id.)

In the 6/16/20 Order, the Court held that Fulton's single attempt to contact Reverend Sharpton's organization failed to "demonstrate[] a sufficient effort that would justify the Court seeking out a volunteer attorney on Fulton's behalf[,]" especially considering Fulton's "proven ability to manage his case thus far" and the constraining effects of the COVID-19 pandemic on the limited availability of pro bono counsel. (ECF No. 22 at 8–9).

**B. Procedural Background**

On January 3, 2020, Fulton commenced this action under 28 U.S.C. § 2254 by filing his Petition. (ECF No. 1). On January 13, 2020, he requested permission to proceed in forma pauperis, which the Honorable Colleen McMahon, then the Chief Judge, granted. (ECF Nos. 3, 5). On the same day, Fulton filed the Original Application. (ECF No. 4). On February 3, 2020, Judge McMahon ordered Fulton to file a declaration showing why the Petition should not be dismissed as time-barred. (ECF No. 7). On February 24, 2020, Fulton filed a declaration explaining the timing of his filings (the "Declaration"). (ECF No. 8). On March 2, 2020, the case was referred to the undersigned to supervise pretrial matters. (ECF No. 10). On March 3, 2020, the Honorable George B. Daniels ordered Respondent to answer the Petition. (ECF No. 12). On March 12, 2020, Fulton filed a Memorandum of Law in Support of the Petition (the "Fulton Memorandum"). (ECF No. 14). On June 16, 2020, the Court issued the 6/16/20 Order. (ECF No. 22). On December 11, 2020, Respondent responded to the Petition. (ECF No. 41). On January 14, 2021, Fulton filed his reply memorandum, and on February 23, 2021, filed a letter in further support of the Petition.

(ECF Nos. 42, 44). The Court ruled that it will consider Fulton's letter dated February 23, 2021 as a supplement to his Petition, on which the Court will rule in due course. (ECF No. 45).

In Fulton's Renewed Application, he seeks assigned counsel "for <u>future</u> hearings and/or evidentiary matters" and for "strategic help in replying to [the] [A]ttorney [G]eneral's opposition." (ECF No. 34 at 2–3) (emphasis added). Fulton asserts that his case was "lacking an investigation, testimony from witnesses [was] never collected, [and] documents [were] lost or destroyed[.]" (Id. at 1). Fulton now states that in the Original Application he "failed to bring to the Court's attention all of the work his family was doing in regards to obtaining counsel[]" and sets forth a list of seven attorneys who have been contacted "throughout [Fulton's] journey through the Federal Habeas proceedings." (Id. at 1).

As noted above, Fulton's Petition has been fully briefed since January 14, 2021. (See ECF No. 42).

### III. LEGAL STANDARD

Pursuant to Supreme Court and Second Circuit precedent, the Court must liberally construe pro se pleadings. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009); Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474–75 (2d Cir. 2006).

Rule 8(c) of the Rules Governing § 2254 Cases in the United States District Courts requires "the appointment of counsel only when an evidentiary hearing is needed." Martinson v. U.S. Parole Com'n., No. 02 Civ. 4913 (DLC) (DF), 2004 WL 203005, at *2 (S.D.N.Y. Feb. 2, 2004). Accordingly, where the parties have briefed a habeas petition and evidentiary hearings are not pending, courts may deny a request for appointed counsel as unwarranted. See Ruscano v. Lamanna, No. 18-CV-4586 (KAM), 2020 WL 978825, at *3–4 (E.D.N.Y. Feb. 28, 2020) (assuming

3

petitioner's claims had merit, but denying appointment of counsel where habeas petition was fully briefed, no hearings were scheduled and no circumstances suggested that counsel would lead to a more just determination); Ramirez v. Attorney Gen., No. 99 Civ. 1909 (BSJ) (RLE), 1999 WL 893467, at *2 (S.D.N.Y. Oct. 18, 1999) (denying application where petitioner had presented arguments in his habeas petition and in supplemental briefs and letters to the court); Butler v. Fischer, No. 02 Civ. 5733 (LTS) (KNF), 2003 WL 76985, at *1 (S.D.N.Y. Jan. 9, 2003) (denying application where habeas petition could be addressed by analyzing the parties' written submissions as well as the underlying state court record); Nunez v. United States, 892 F. Supp. 528, 531–32 (S.D.N.Y. 1995) (finding that the interests of justice were not served by appointing counsel where habeas petitioner already submitted a brief, reply brief, and affidavits in support of his application); Martinson, 2004 WL 203005, at 4–5 (denying application where petition was fully briefed).

## IV. DISCUSSION

Fulton's Petition has been fully briefed, the record and transcript of the underlying criminal proceeding are before the Court, and a Report and Recommendation will issue in due course. (ECF Nos. 14, 40–42). Fulton's asserted justifications in the Renewed Application do not warrant the appointment of counsel. (ECF No. 34). Fulton has already replied, twice, to Respondent's opposition, presenting his arguments for the Court's consideration, and there are no presently scheduled hearings. (ECF Nos. 42, 44). Moreover, given Fulton's status as a pro se litigant, the Court will liberally construe his submissions. Harris, 572 F.3d at 72; Triestman, 470 F.3d at 474–75. Accordingly, the Court denies the Renewed Application without prejudice, because Fulton has not articulated any purpose that appointing counsel would serve at this time,

4

nor has he demonstrated any circumstances suggesting that appointing counsel would likely lead to a more just determination in this matter. See Ruscano, 2020 WL 978825 at *4; Martinson, 2004 WL 203005, at *4; Ramirez, 1999 WL 893467, at *2.

Fulton is reminded that he may seek assistance from the New York Legal Assistance Group. Additional information can be found online at nylag.org; by calling 212-613-5000; or by emailing info@nylag.org. In addition, the United States District Court for the Southern District of New York has a Pro Se Intake Unit with information to assist individuals who are representing themselves in the Southern District without the assistance of an attorney. Additional information can be found online at nysd.uscourts.gov/prose; by calling at 212-805-0175; or emailing Temporary_Pro_Se_Filing@nysd.uscourts.gov. Fulton is notified that the SDNY Pro Se Intake Unit will only temporarily accept emails as a response to the COVID-19 pandemic and will cease accepting emails once the pandemic subsides.

## V. CONCLUSION

For the reasons stated above, Fulton's Renewed Application (ECF No. 34) is DENIED without prejudice to renewal. The Clerk of Court is respectfully directed to close ECF No. 34 and to mail a copy of this Order to Fulton at the address below.

Dated: New York, New York
May 28, 2021

SO ORDERED.

_____
SARAH L. CAVE
**United States Magistrate Judge**

Mail To:	Jeremy Fulton
	DIN No. 12-A-0053
	Clinton Correctional Facility
	P.O. Box. 2001
	Dannemora, New York 12929