UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JEREMY FULTON,                                  :
                                                :
                              Petitioner,        :        MEMORANDUM DECISION
                                                :            AND ORDER
          -against-                              :
                                                :        20 Civ. 21 (GBD) (SLC)
SUPERINTENDENT,                                  :
                                                :
                              Respondent.        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GEORGE B. DANIELS, United States District Judge:

## I.    PROCEDURAL HISTORY

*Pro se* Petitioner Jeremey Fulton filed this petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2254, seeking to vacate his 2011 conviction and sentence, after a guilty plea, to one

count of first-degree rape.  (*See* Petition ("Pet."), ECF No. 1, at 1; N.Y Penal Law § 130.35

(McKinney 2001).)  He was charged, in three separate indictments, with "engaging in illicit sexual

conduct with children."  (Report and Recommendation ("Report"), ECF No. 51, at 3.)

On April 4, 2011, the day his trial was supposed to begin, Petitioner entered into a plea

agreement.  (*Id.* at 6–7.)  The court conducted a thorough colloquy at Fulton's plea hearing to

ascertain the knowing, intelligent, and voluntary nature of his plea and waiver of appeal.  (*See id.*

at 6–11.)  At his original sentencing date, Petitioner informed Justice Charles H. Solomon of the

New York County Supreme Court that he wished to withdraw his plea, claiming that his attorney

had coerced him into pleading guilty.  (*See id.* at 12.)  Justice Solomon appointed a new attorney

to represent Fulton, who subsequently filed a motion to withdraw his plea.  (*See id.* at 12–13.)  On

December 20, 2011, Justice Solomon denied Petitioner's motion.  (*See id.* at 13–15.)

That same day, pursuant to the plea agreement, Justice Solomon sentenced Petitioner to 22 years' imprisonment followed by 20 years' post-release supervision. (Report at 6–7, 13, 16.) Justice Solomon also certified Fulton as a sex offender and entered an order of protection barring him from any communication or contact with his victims. (*Id.* at 16.) As a result of the plea agreement, the prosecution dismissed the remaining two indictments against Fulton. (*Id.* at 7.) The Appellate Division denied Fulton's request to withdraw his plea on February 19, 2015, *see People v. Fulton*, 125 A.D.3d 511 (1st Dep't 2015), and the Court of Appeals later denied leave to appeal and his *pro se* request for reconsideration. *See People v. Fulton*, 25 N.Y.3d 1072 (2015); *People v. Fulton*, 25 N.Y.3d 1163 (2015).[1]

Petitioner filed the instant petition on January 3, 2020, raising five claims: "(1) his guilty plea was not knowing and voluntary; (2) his waiver of his right to appeal was not knowing and voluntary; (3) his trial counsel was ineffective; (4) the prosecutor engaged in misconduct; and (5) 'abuse of discretion' by the trial court." (Report at 1.) He also requested permission to conduct discovery in support of his petition and for an evidentiary hearing. (*Id.* at 63; ECF No. 26.)

Before this Court is Magistrate Judge Sarah L. Cave's October 31, 2022 Report and Recommendation recommending that Fulton's petition be denied, along with his requests for discovery and an evidentiary hearing. (Report at 1, 66.) Petitioner filed timely objections,[2] but the objections largely raise the same factual and legal arguments presented before Magistrate Judge Cave. (ECF No. 54.) Accordingly, having reviewed Magistrate Judge Cave's Report, as well as

---

[1] A more fulsome background can be found in the Report and is incorporated herein by reference. (*See* Report at 2–22.)

[2] At Petitioner's request, this Court granted him additional time to object to the Report. (*See* ECF No. 53.)

2

Fulton's objections, this Court ADOPTS the Report in full and OVERRULES Fulton's objections.

Fulton's petition is DENIED.

## II.    LEGAL STANDARDS

### A. Reports and Recommendations

This Court may "accept, reject or modify, in whole or in part, the findings and recommendations set forth in a magistrate judge's report." *James v. Capra*, 19-CIV-6966 (GBD) (KNF), 2020 WL 3100210, at *2 (S.D.N.Y. June 11, 2020) (citing 28 U.S.C. § 636(b)(1)). If a party asserts a proper objection to a magistrate judge's report, the court "must review *de novo* the portions of a magistrate judge's report to which a party properly objects." 28 U.S.C. § 636(b)(1)(C). However, the court is not required "hold a *de novo* hearing of the case." *U.S. v. Raddatz*, 447 U.S. 667, 676 (1980). Instead, the court may "arrive at its own, independent conclusions" regarding petitioner's objections. *Nelson v. Smith,* 618 F.Supp. 1186, 1189–90 (S.D.N.Y.1985) (quoting *Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir.1983)).

"Portions of a magistrate judge's report to which no or 'merely perfunctory' objections are made are reviewed for clear error." *Rodriguez v. Uhler*, 15-CIV-9297 (GBD) (DF), 2018 WL 1633568, at *1 (S.D.N.Y. Apr. 3, 2018) (citing *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006)). "The clear error standard also applies if a party's objections are improper— because they are conclusory, general, or simply rehash or reiterate the original briefs to the magistrate judge." *Molemohi v. New York*, 18-CIV-9740 (GBD) (JLC), 2020 WL 1303560, at *2 (S.D.N.Y. Mar. 19, 2020) (citations omitted). Clear error arises when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow,* 462 F.3d 55, 72 (2d Cir. 2006). Because Fulton's objections

3

"are conclusory, general, or simply rehash or reiterate the original briefs to the magistrate judge,"
they are subject to clear error review. *Molemohi*, 2020 WL 1303560, at *2.

## B. State Court Decisions Under the Antiterrorism and Effective Death Penalty Act

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act
of 1996 ("AEDPA"), federal courts may grant habeas relief only if a state prisoner has shown that
the state court decision from which he seeks relief was (1) "contrary to, or involved an
unreasonable application of clearly established Federal law, as determined by the Supreme Court
of the United States" at the time of the decision; or (2) "based on an unreasonable determination
of the facts." 28 U.S.C. § 2254(d)(1)–(2). To satisfy the first element, the state court ruling must
be "so lacking in justification that there was an error well understood and comprehended in existing
law beyond any possibility for fairminded disagreement." *White v. Woodall,* 572 U.S. 415, 420–
21 (2014) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

As a prerequisite to obtaining federal court review of a habeas corpus petition, those in
state custody must exhaust all state judicial remedies—typically accomplished by presenting the
federal claims to a state's highest court. *See* 28 U.S.C. § 2254(b)(1)(A); *Jackson v. Conway*,
763 F.3d 115, 133 (2d Cir. 2014); *Galdamez v. Keane*, 394 F.3d 68, 73 (2d Cir. 2005). Moreover,
"[i]t is well established that federal habeas courts may not review a claim rejected by a state court
'if the decision of [the state] court rests on a state law ground that is independent of the federal
question and adequate to support the judgment.'" *Rizzo v. Capra*, No. 18 Civ. 1185 (GBD) (KNF),
2019 WL 2511349, at *2 (S.D.N.Y. June 18, 2019) (quoting *Coleman v. Thompson*, 501 U.S. 722,
729 (1991)).

**C. *Pro Se* Petitioners**

Courts must liberally construe a "*pro se* petition 'to raise the strongest arguments' it suggests." *Davis v. Walsh*, No. 08 Civ. 4659 (PKC), 2015 WL 1809048, at *1 n.1 (E.D.N.Y. Apr. 21, 2015) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 472 (2d Cir. 2006)). *Pro se* status, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (citation omitted).

**III.    THE REPORT AND RECOMMENDATION IS FREE OF CLEAR ERROR**

Magistrate Judge Cave did not err when applying the aforementioned legal standards to Fulton's claims.  Magistrate Judge Cave correctly determined that Fulton's guilty plea was made knowingly, intelligently, voluntarily, and free from coercion.  Noting that guilty pleas are afforded a presumption of correctness on federal habeas review, *see Duncan v. Lee*, No. 12 Civ. 2909 (SAS), 2015 WL 4103647, at *5 (S.D.N.Y. July 7, 2015), Magistrate Judge Cave found that Fulton failed to rebut this presumption, as Fulton "fail[ed] to explain how Justice Solomon or the First Department unreasonably applied Supreme Court law regarding guilty pleas."  (Report at 31.) Indeed, the record demonstrates that Justice Solomon ascertained the knowing, intelligent, and voluntary nature of Fulton's plea at the plea hearing, and that he and the Appellate Division properly and reasonably applied pertinent Supreme Court standards in considering Fulton's challenges to his guilty plea.  (*Id.* at 32–35.)

The Report also rightly found that Fulton's claims regarding the supposed invalidity of his appeal waiver were not properly exhausted in state court and are thus procedurally barred from habeas review.  Report at 37–38; *see Walden v. Walcott*, No. 19 Civ. 11409 (GBD) (SN),

5

2022 WL 1199580, at *1 (S.D.N.Y. Mar. 29, 2022) ("[I]t has been well settled that a state prisoner must first exhaust his claims in state court.").[3]

Magistrate Judge Cave's further determination that Fulton received effective assistance from his counsel should not be disturbed on clear error review. Magistrate Judge Cave held that each of Petitioner's five grounds for the supposed ineffectiveness of counsel—not investigating potentially exculpatory evidence, losing his *pro se* motion for reassignment of counsel, coercing him to plead guilty, failing to vindicate his speedy trial right, and unprofessional conduct during his *Mapp/Dunaway* hearing (*see* Report at 41–42)—did not meet *Strickland*'s high bar to rebut the presumption in favor of attorney competence.[4] *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). And, as Magistrate Judge Cave demonstrated, the state court rulings on Fulton's ineffective assistance of counsel claims were "neither contrary to, nor an unreasonable application of" *Strickland. Joseph v. Ekpe*, No. 05 CV 01982 (GBD) (DF), 2011 WL 1334843, at *1 (S.D.N.Y. Mar. 31, 2011).

Magistrate Judge Cave properly found that Fulton's claims for alleged prosecutorial misconduct based on his "supposedly . . . warrant[less]" arrest, the prosecution's failure to disclose *Brady* material, and the prosecution's failure to give notice prior to the entry of victim statements at Fulton's sentencing (*see* Report at 56) were each procedurally barred from habeas review, unexhausted, or both. (*See id.* at 57–61.) In any event, were this Court to consider the merits of these claims, it would find them unavailing, as Magistrate Cave did. (*See id.* at 62.)

---

[3] Out of "an abundance of caution," and owing to the liberal construction afforded to claims by *pro se* parties, Magistrate Judge Cave correctly found, in the alternative, that even if Fulton's appeal waiver claim were exhausted, the appeal waiver was nonetheless valid due to Justice Solomon's separate discussion of the implications of an appeal waiver and clear indicia that Fulton signed the waiver "knowing[ly], intelligent[ly], and voluntar[il]y." (*See* Report at 38–40.)

[4] Due to the incompleteness of the state court record, Magistrate Judge Cave treated each of Fulton's claims as exhausted, also out of "an abundance of caution." (*See* Report at 45.).

Magistrate Judge Cave correctly found that Fulton's claim of abuse of discretion by Justice Solomon—a variant of his prior arguments regarding the loss of his *pro se* motion for reassignment of counsel and the admission of victim statements at his sentencing—rests on alleged violations of state procedural law and thus is not cognizable on habeas review.  (*See* Report at 62.)[5]

Lastly, as Magistrate Judge Cave determined, neither discovery nor an evidentiary hearing are warranted, as Petitioner has not made the requisite showing of good cause.  *See* Report at 63–66; Rules Governing Section 2254 Cases, Rule 6(a).

## IV.   CONCLUSION

Petitioner does not assert an adequate ground to set aside his 2011 conviction and sentence pursuant to 28 U.S.C. § 2254.   Magistrate Judge Cave's Report and Recommendation is ADOPTED in full. Petitioner's objections to the Report and Recommendation are OVERRULED. Fulton's petition for a writ of *habeas corpus* is DENIED, as well as his motion for discovery and an evidentiary hearing.

The Clerk of Court is directed to close the case accordingly and mail a copy of this decision to Petitioner.

Dated:  New York, New York
       September 28, 2023

SO ORDERED:

*Geary B. Danw*

GEORGE B. DANIELS
United States District Judge

---

[5] And, as Magistrate Judge Cave established, Fulton cannot overcome this bar, as Justice Solomon's imposition of the agreed-upon sentence in the plea bargain precludes any finding of prejudice or miscarriage of justice.  (Report at 62.)